John PADILLA, Plaintiff—Appellant,

v.

CITY OF SAN DIEGO CALIFORNIA; San Diego Police Department; Darryl Emerson, San Diego Police Officer; Does 1–20, Defendants—Appellees.

No. 06–55791.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 7, 2007.*

Filed Dec. 11, 2007.

Donald F. Shanahan, Esq., San Diego City Attorney's Office, San Diego, CA, for Defendants–Appellees.

Before: PREGERSON, NOONAN, and TROTT, Circuit Judges.

MEMORANDUM **

John Padilla ("Padilla") appeals the district court's decision following a bench trial in favor of the City of San Diego, the San Diego Police Department, and Officer Darryl Emerson ("Emerson"). Padilla claims that during a traffic stop Emerson com-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

mitted several common law torts and 42 U.S.C. § 1983 civil rights violations. Padilla challenges (1) the district court's findings of fact, and (2) its decision that Defendants were entitled to qualified immunity. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm on other grounds the district court's determination of qualified immunity.

We review for clear error the district court's findings of fact following a bench trial. *Miller v. Clark County,* 340 F.3d 959, 963 (9th Cir.2003). Padilla's reliance on *Hagans v. Andrus,* 651 F.2d 622 (9th Cir.1981), is misplaced. We have reviewed the record and conclude (1) that the district court's Nunc Pro Tunc Superseding Findings of Fact and Conclusions of Law are not clearly erroneous; and (2) that the district court did not summarily or improperly adopt the proposed findings of Defendants.

We review de novo whether a defendant is entitled to qualified immunity. *Rodis v. City and County of S.F.,* 499 F.3d 1094, 1097 (9th Cir.2007). The district court concluded that Emerson committed a constitutional violation after he completed a pat-down of Padilla when he leaned his body against Padilla for less than fifteen seconds and yelled in his ear, causing no injury. The district court held that any force, no matter how minor, used after the pat-down was excessive because it was no longer necessary for accomplishing the legitimate purpose of detaining Padilla. We respectfully disagree.

The Fourth Amendment "and its 'reasonableness' standard" govern excessive force claims arising during an investigatory stop. *Graham v. Connor,* 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The minimal quantum of force used by Emerson was objectively reason-

able in light of the circumstances facing him. *See Saucier v. Katz,* 533 U.S. 194, 209, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) ("[N]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers violates the Fourth Amendment. Pushes and shoves, like other police conduct, must be judged under the Fourth Amendment standard of reasonableness.") (internal citations and quotation marks omitted). Furthermore, on balance, the government's countervailing interest in controlling a truculent suspect for no more than fifteen seconds at the end of a dangerous high speed pursuit outweighs the minimal intrusion on Padilla's Fourth Amendment interests. *See Davis v. City of Las Vegas,* 478 F.3d 1048, 1054 (9th Cir.2007) (explaining that "we first assess the quantum of force used [against the civil-plaintiff] and then measure the governmental interests at stake by evaluating a range of factors.") (internal citations and quotation marks omitted).

We conclude that Emerson's actions were reasonable and that no constitutional violation occurred. *See Hope v. Pelzer,* 536 U.S. 730, 736, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (explaining that the threshold question in the qualified immunity analysis is determining whether a constitutional violation occurred). Because there was no violation, Padilla cannot prevail. *Blankenhorn v. City of Orange,* 485 F.3d 463, 471 (9th Cir.2007). Consequently, Defendants are entitled to qualified immunity.

AFFIRMED.